**Entered on Docket
October 15, 2008**

_____
Hon. Bruce A. Markell
United States Bankruptcy Judge

PITE DUNCAN, LLP
STEVEN W. PITE (NV Bar #008226)
EDDIE R. JIMENEZ (NV Bar #10376)
4375 Jutland Drive
Suite 200
San Diego, CA 92117
Telephone: (702) 413-9692
Facsimile: (619) 590-1385
E-mail: ecfnvb@piteduncan.com

E-Filed on 10/13/08

ABRAMS & TANKO, LLLP
MICHELLE L. ABRAMS (NV Bar #005565)
3085 S. Jones Blvd., Suite C
Las Vegas, NV 89146
Attorneys for   Secured Creditor

Attorneys for    Secured Creditor ARGENT MORTGAGE COMPANY, LLC, its successors a
and/or assigns

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re | BK-S-07-17638-BAM |
|---|---|
| RONALDO M. PADOR AND MARILOU G PADOR, | Chapter 13 |
| Debtor(s). | ORDER ON STIPULATION GRANTING ADEQUATE PROTECTION AND VACATING THE ORDER TERMINATING THE AUTOMATIC STAY |

/././

/././

/././

2036059.wpd

The parties having agreed to the terms set forth in the Stipulation Granting Secured Creditor Adequate Protection are bound by the terms of their stipulation, which shall be the Order of this Court. Any pending hearing on Movant's Motion for Relief From the Automatic Stay in the above-entitled case is hereby vacated.

APPROVED/DISAPPROVED                    APPROVED/DISAPPROVED

_____         _____
DAVID KRIEGER                           KATHLEEN A. LEAVITT
DEBTOR(S) ATTORNEY                      TRUSTEE

ALTERNATIVE METHOD re: RULE 9021:

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

☐ The court has waived the requirement of approval under LR 9021.

☐ No parties appeared or filed written objections, and there is no trustee appointed in the case.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ Approved. - Debtor(s)/Debtor(s)' Attorney/Trustee

☐ Disapproved. - Debtor(s)/Debtor(s)' Attorney/Trustee

☐ Failed to respond. - Debtor(s)/Debtor(s)' Attorney/Trustee

###

By: /s/ Elsie L. Secoquian
525 E. Main Street
P.O. Box 12289
El Cajon, CA
(702) 413-9692
NV Bar #9685
Attorney for ARGENT MORTGAGE COMPANY, LLC,
its successors and/or assigns

- 2 -

2036059.wpd

The parties having agreed to the terms set forth in the Stipulation Granting Secured Creditor Adequate Protection are bound by the terms of their stipulation, which shall be the Order of this Court. Any pending hearing on Movant's Motion for Relief From the Automatic Stay in the above-entitled case is hereby vacated.

APPROVED/DISAPPROVED                APPROVED/DISAPPROVED

_____          _____
DAVID KRIEGER                        KATHLEEN A. LEAVITT
DEBTOR(S) ATTORNEY                   TRUSTEE

ALTERNATIVE METHOD re: RULE 9021:

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

☐      The court has waived the requirement of approval under LR 9021.

☐      No parties appeared or filed written objections, and there is no trustee appointed in the case.

☒      I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☒      Approved. - Debtor(s) Attorney/Trustee

☐      Disapproved. - Debtor(s)/Debtor(s)' Attorney/Trustee

☐      Failed to respond. - Debtor(s)/Debtor(s)' Attorney/Trustee

###

By: /s/Eddie R. Jimenez
4375 Jutland Drive
Suite 200
San Diego, CA
(702) 413-9692
NV Bar #10376
Attorney for ARGENT MORTGAGE COMPANY, LLC,
its successors and/or assigns

2036059.wpd

|   |   |   |
|---|---|---|
| 1 | PITE DUNCAN, LLP<br>STEVEN W. PITE (NV Bar #008226) | E-Filed on 10/13/08 |
| 2 | EDDIE R. JIMENEZ (NV Bar #10376)<br>4375 Jutland Drive | |
| 3 | Suite 200<br>San Diego, CA 92117 | |
| 4 | Telephone: (702) 413-9692<br>Facsimile: (619) 590-1385 | |
| 5 | E-mail: ecfnvb@piteduncan.com | |
| 6 | ABRAMS & TANKO, LLLP<br>MICHELLE L. ABRAMS (NV Bar #005565) | |
| 7 | 3085 S. Jones Blvd., Suite C<br>Las Vegas, NV 89146 | |
| 8 | | |
| 9 | Attorneys for   Secured Creditor ARGENT MORTGAGE COMPANY, LLC, its successors<br>                              and/or assigns | |

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>RONALDO M. PADOR AND MARILOU G PADOR,<br><br><br><br><br>Debtor(s). | Bankruptcy Case No. BK-S-07-17638-BAM<br>Chapter 13<br><br>STIPULATION GRANTING ADEQUATE PROTECTION AND VACATING THE ORDER TERMINATING THE AUTOMATIC STAY |

18  This Stipulation is entered into by and between the Secured Creditor, Argent Mortgage

19 Company, LLC, its successors and/or assigns (hereinafter "Movant"), and Ronaldo M. Pador and

20 Marilou G Pador (hereinafter "Debtors") by and through their respective attorneys of record.

21  The property which is the subject of this matter is commonly known as 5348 Reardon Court,

22 North Las Vegas, Nevada 89031 (hereinafter "Real Property"), which is more fully described as

23 follows:

24  SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A AND MADE A PART HEREOF.

25 /././

26 /././

27 /././

28 /././

2031626.wpd

THE PARTIES STIPULATE AS FOLLOWS:

1. Debtors shall tender regular monthly payments in the amount of $2,054.44 to Movant, which amount is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing August 1, 2008, and continuing until all such outstanding amounts under the Note are to be paid in full.

2. The post-petition arrears are calculated as follows:

| | | |
|---|---|---|
| 4/1/08-5/1/08 | 2 payments @ $2,215.76 | $4,431.52 |
| 6/1/08-7/1/08 | 2 payments @ $2,054.44 | 4,108.88 |
| 4/1/08-5/1/08 | 2 Late Charges @ $123.55 | 247.10 |
| 6/1/08-7/1/08 | 2 Late Charges @ $113.87 | 227.74 |
| Suspense | | <2,059.58> |
| Attorneys' Fees and Costs | | 1,250.00 |
| Total Arrears | | $8,205.66 |

3. In addition to regular monthly payments, Debtors shall also tender payments to Movant in the sum of $1,367.61, commencing August 15, 2008, and continuing through and including January 15, 2009, when all post-petition arrears due and owing under the Note, in the current sum of $8,205.66, are paid in full. Payments are to be remitted to: HomEq Servicing at 1100 Corporate Center Drive, NC 4742, Raleigh, NC 27607.

4. The Order Terminating the Automatic Stay entered by the Court on June 25, 2008, is hereby vacated. Order Terminating the Automatic Stay is attached hereto as exhibit B.

5. Debtors shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance to Movant on a timely basis.

6. Debtors shall comply with the terms and conditions of their Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

7. In the event of any future default on any of the above-described provisions, inclusive of this Order, Movant shall provide written notice to Debtors at 5348 Reardon Court, North Las Vegas, NV 89031 and to Debtor's attorney of record, David Krieger, at George Haines 1020 Garces, Ste 100, Las Vegas, NV 89101, indicating the nature of the default. If Debtors fail to cure the default

2031626.wpd

with certified funds after the passage of fifteen (15) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

8. The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

9. In the event that the Debtors defaults under this Stipulation and Movant forwards a 15-day letter to Debtors, they shall be required to tender $100.00 for each default letter submitted in order to cure the default.

10. In the event that Movant is granted relief from the automatic stay, the parties hereby stipulate that the 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

11. Movant shall comply with the above provisions as to the first three (3) defaults. Upon the fourth (4th) default, under the above-described provisions, Movant shall immediately be entitled to file an Ex Parte Declaration of Non-Cure and an Order Terminating Automatic Stay with the court as to Movant. Upon entry of said Order Terminating Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

12. In the event this case is converted to a Chapter 7 proceeding the Automatic Stay shall be terminated without further notice, order, or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the property and/or against the Debtors.

/././

1  Leavitt.

2  14. Any notice that Movant shall give to Debtors, or attorney for Debtors, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

15. Upon disposition of collateral Movant will amend or delete its Proof of Claim and provide Trustee with the notice of same.

16. The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtors.

IT IS SO STIPULATED:

DATED: _____    /s/ Elsie L. Secoquian
525 E. Main Street
P.O. Box 12289
El Cajon, CA 92022-2289
(702) 413-9692
NV Bar #9685
Attorney for ARGENT MORTGAGE COMPANY, LLC, its successors and/or assigns

DATED: _____    DAVID KRIEGER
Attorneys for Debtors

DATED: _____    KATHLEEN A. LEAVITT
Chapter 13 Trustee

13. Relief from the Automatic Stay is granted as to the Chapter 13 Trustee, Kathleen A. Leavitt.

14. Any notice that Movant shall give to Debtors, or attorney for Debtors, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

15. Upon disposition of collateral Movant will amend or delete its Proof of Claim and provide Trustee with the notice of same.

16. The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtors.

IT IS SO STIPULATED:

DATED: 10-13-08

/s/Eddie R. Jimenez
4375 Jutland Drive
Suite 200
San Diego, CA 92117
(702) 413-9692
NV Bar #10376
Attorney for ARGENT MORTGAGE COMPANY, LLC, its successors and/or assigns

DATED: _____

_____
DAVID KRIEGER
Attorneys for Debtors

DATED: _____

_____
KATHLEEN A. LEAVITT
Chapter 13 Trustee

2031626.wpd

Order No. (

# EXHIBIT "ONE"

Parcel One (1):

Lot 14 of Arbor Gate, as shown by map thereof on file in Book 91 of Plats, Page 71 in the Office of the County Recorder of Clark County, Nevada.

Parcel Two (2):

A non-exclusive easement for ingress, egress and enjoyment in and to the Association property as set forth in the Declaration of Covenants, Conditions and Restrictions for Country Garden (Arbor Gate) a Common Interest Community, recorded February 25, 2000 in Book 20000225 as Document No. 00963, of Official Records of Clark County, Nevada, as the same may from time to time be amended and/or supplemented, which easement is appurtenant to Parcel One (1).

Assessor's Parcel No: 124-31-220-014



EXHIBIT A